IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION    RECEIVED

| | | |
|---|---|---|
| SUE BROWN, | ) | 2006 NOV 17  P 4: 10 |
| | ) | |
| Plaintiff, | ) | DEBRA P. HACKETT, CLK |
| | ) | U.S. DISTRICT COURT |
| | ) | MIDDLE DISTRICT ALA |
| v. | ) | CIVIL ACTION NO. 2:06-CV-1037-MHT |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company ("State Farm" herein), erroneously named in the complaint as State Farm Fire and Casualty Company, Inc., pursuant to 28 U.S.C. § 1441 (a) and 1446, hereby files this Notice of Removal and states as follows:

1.    On November 2, 2006, Plaintiff Sue Brown ("Plaintiff") served a summons and complaint on State Farm.[1]  The complaint named State Farm, an Illinois corporation, as the sole Defendant in a civil action now pending in the Circuit Court of Montgomery County, Alabama, entitled *Sue Brown vs. State Farm Fire and Casualty Company, Inc.* case number CV-06-2705. True and correct copies of the summons and complaint are attached hereto as Exhibit "A".  In her complaint, plaintiff alleges State Farm did not pay her homeowners' insurance claim, brought under a contract of insurance entered into in Alabama for a home located in Montgomery, Alabama.

---

[1] Though the summons and complaint was not served until November 2, 2006, State Farm's records indicate that it informally received a copy of the complaint on October 18, 2006, which constituted State Farm's first receipt, by service or otherwise, of a copy of plaintiff's initial pleading setting forth the claim for relief upon which this action is based.  This notice of removal has been timely filed within 30 days of such informal receipt of plaintiff's complaint. *See* 28 U.S.C. § 1446 (b).

Plaintiff alleges she suffered damages as a result of breach of contract and bad faith on the part of State Farm.

2.      Plaintiff is currently, and was, at the time of the commencement of this action, an individual who is a resident citizen of the State of Alabama.

3.      Defendant State Farm is currently, and was, at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois.

4.      In addition to diversity of citizenship among the real and proper parties to this cause, this Court has jurisdiction under 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441, in that there is a sufficient jurisdictional amount in controversy. Plaintiff claims both compensatory and punitive damages for the aforementioned claims. In her Complaint, plaintiff seeks $50,000.00 in compensatory damages under the contract with State Farm for repairs to her home caused by a fire, and she seeks $500,000.00 in punitive damages for State Farm's alleged bad faith denial of her claim.

5.      When a plaintiff alleges a specific amount of damages in a complaint, that amount generally controls. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Fidelity Warranty Services, Inc. v. Kidd*, 45 F.Supp.2d 1284, 1287 (N.D. Ala. 1999) ("It is the plaintiff's viewpoint from which the amount in controversy is to be ascertained.").

6.      Further, because punitive damages are potentially recoverable under Alabama law for plaintiff's bad faith claim, potential punitive damages must be considered in determining the amount in controversy. *See Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531 (11th Cir. 1987).

7.     Accordingly, the United States District Court has subject matter jurisdiction of the above captioned suit pursuant to 28 U.S.C. § 1332 as to each of the claims set forth in the complaint and each count thereof.  Wherefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a) and 1446.

8.     Pursuant to 28 U.S.C. §1446(a), State Farm has contemporaneously filed a notice of the filing of this notice of removal with the Clerk of Court for the Circuit Court of Montgomery County, Alabama.

Dated this the 17th day of November, 2006.

Respectfully submitted,

BERT S. NETTLES (NET-001)
C. DENNIS HUGHES (HUG-034)
KHRISTI DOSS DRIVER(FLO-027)
FELICIA A. LONG (LON-042)

**OF COUNSEL:**

HASKELL SLAUGHTER YOUNG & REDIKER, LLC
2001 Park Place North
1400 Park Place Tower
Birmingham, Alabama 35203
205-251-1000 (telephone)
205-324-1133 (facsimile)

3

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following by U.S. Mail, first class postage prepaid and properly addressed as follows, this 17th day of November, 2006.

Julian L. McPhillips, Jr.
McPhillips Shinbaum, LLP
516 South Perry Street
P.O. Box 64
Montgomery, AL 36104
(334)262-1911 (telephone)
(334)263-2321 (facsimile

_Felicia Long_
Of Counsel

# Exhibit
# "A"

Oct.13. 2006  6:12PM                                                    No.0195    P. 2

2006 - 16497-AL

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number |
|---|---|---|

IN THE _____ CIRCUIT _____ COURT OF _____ MONTGOMERY _____ COUNTY

Plaintiff _____ SUE BROWN _____ v. Defendant _____ STATE FARM FIRE AND
_____ CASUALTY COMPANY

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE
ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF
YOUR WRITTEN ANSWER, EITHER ADDMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH
THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR
YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ Julian L.McPhillips, Jr. _____ WHOSE
ADDRESS IS _____ 516 South Perry Street, Montgomery, Alabama 36104 (334) 262-1911

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _____ DAYS AFTER THIS SUMMONS AND
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR
THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERRIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

[✔] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the
defendant.

[ ] Service by certified mail of this summons is initiated upon the written request of _____
pursuant to the Alabama Rules of Civil Procedure.

Date _____    _____ By: _____
                                            Clerk/Register

[ ] Certified Mail is hereby requested.    _____
                                            Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____

                                                              (Date)
[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County,
Alabama on _____
              (Date)

_____    _____
Date                                  Server's Signature

_____    _____
Address of Server                     Type of Process Server

DEFENDANT'S
EXHIBIT

A

10/18/2006 16:34 FAX 17704185948          STATEFARMINSURANCE                    ☒002/061

This claim involves an incendiary fire at the insured residence that occurred on March 21, 2006. After an SIU investigation which included an Advisory Claim Committee, the claim was denied verbally to the insured on October 4, 2006 and a denial letter was mailed to the insured on October 9, 2006. The October 9, 2006 denial letter did contain inaccurate and incomplete information and a second denial letter dated October 12, 2006 was mailed to the insured's attorney. Not included in the suit (but enclosed here) is a letter dated October 12, 2006 from Team Manager Tony Nix where Nix explained the October 9, 2006 letter was sent in error and he enclosed the correct denial letter which is dated October 12, 2006. Also attached is a copy of the lawsuit and supporting documents filed in the Circuit Court of Montgomery County, Alabama, our Advisory Claim Committee report, and Attorney Mike Beers coverage opinion letter dated September 12, 2006. The suit alleges Breach of Contract and Bad Faith and seeks $50,000 in compensatory damages and $500,000 in punitive damages. The lawsuit was served by personal service, hand-delivery upon SIU Claim Representative Pat Craig at the State Farm Office in Montgomery, Alabama. SIU Claim Representative Pat Craig was contacted by Brian Henry, a reporter at WSFA in Montgomery, Alabama on October 18, 2006 about this claim. CR Craig provided no comment and Mr. Henry was referred to our Public Affairs representative. A copy of the Public Affairs media notification is also attached.

10/18/2006 16:34 FAX  177041859~9          STATEFARMINSURANCE                      Ø003/061

10/18/2006 11:46 FAX 770 593 6650         STATE FARM PANOLA CLMS                  Ø003
                                                                                 Ø002/014

# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| SUE BROWN, | ) |
| Plaintiff, . | ) |
| | ) |
| v. | )  Case No.: _____ |
| | ) |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY, INC., | ) |
| Defendant. | ) |

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2006 OCT 17 PM 4:02

## COMPLAINT

Comes now the Plaintiff Sue Brown and hereby complains against the above-named Defendant as follows:

## VENUE

1.    Venue is proper in Montgomery County, Alabama because the cause of action arose in Montgomery County, Alabama.

## STATEMENT OF FACTS

2.    On or about March 22, 2005, the Plaintiff Sue Brown entered into a contract for homeowner's insurance coverage of her residence at 209 Newcastle Lane, Montgomery, Alabama with the Defendant State Farm Fire and Casualty Company, Inc, (hereinafter "Defendant"). The limits for liability were $106,000.00 with a dwelling extension up to $10,600.00 and personal property coverage of $79,500.00. In return, the Plaintiff paid a premium of $803.00. See copy of declaration page attached as Exhibit A.

3.    On or about one year later, Defendant renewed Plaintiff's insurance coverage, but did so for an amount of $111,600.00 with dwelling extension of

$11,160.00, and personal property coverage of $83,700.00. In return, the Plaintiff paid a premium of $837.00. See a copy of Renewal Certificate attached as Exhibit B to Complaint.

4.    A fire occurred on or about March 21, 2006, and Plaintiff's home was damaged significantly. An estimate of damages presented by Patrick Craig, claim representative to the Plaintiff, was for $34,610.19. See Exhibit C.

5.    Plaintiff has reasons to believe, and does believe, that Defendant's estimate is on the low side, and that the true damages are greater than Defendant's estimate.

6,    Plaintiff has cooperated completely in Defendant's investigation of her claim, and has even given an extensive oral statement and produced financial records to the Defendant's adjuster.

7.    Plaintiff has made a demand upon the Defendant for payment of her fire damage loss, but Defendant has refused to pay the same, allegedly claiming that the fire was a "set fire", with the inference that the Plaintiff set the fire herself.

8.    In an initial letter of denial dated October 9, 2006, Defendant State Farm mistakenly referred to the fire damage loss as a "theft loss" and formally informed the Plaintiff her claim was denied "on the grounds that you intentionally misrepresented and concealed material facts and circumstances relating to this loss and your claim for insurance proceeds." (See Exhibit D)

9.    In a second letter of October 12, 2006, attached as Exhibit E, Defendant State Farm changed its tune and stated:

"This will advise you that we are denying payment of your client's claim

10/18/2006 16:35 FAX 1770418589    STATEFARMINSURANCE    005/061
10/18/2006 11:46 FAX 770 593 6550    STATE FARM PANOLA CLMS    005

noted above, for the following reasons:

(A.)    Our investigation indicates that the fire loss was incendiary in origin and your client was responsible for the fire being intentionally set.

(B.)    Our investigation indicates that your client intentionally concealed or misrepresented material facts or circumstances relating to the fire that occurred on March 21, 2006.

Your client's policy states, in part, under SECTION I - CONDITIONS:

(14.)    Intentional Acts - If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss.

Your client's policy further states, in part, under SECTION I AND II - CONDITION:

(2.)    Concealment or Fraud - This policy is void as to you and other insured, if you or any insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

Because of these findings, your client's policy is considered void as of March 21, 2006. Any unearned premium collected on policy 01-GP-1681-4 will be refunded to Ms. Brown in separate correspondence."

10.    Yet Plaintiff insists that she did nothing herself to set any fire, and is not sure what caused the fire, and certainly did nothing to intentionally conceal or misrepresent any material facts of circumstances relating to the fire that occurred on

10/18/2006 16:35 FAX   177041859'              STATEFARMINSURANCE                                    ☑006/061

10/18/2008 11:46 FAX 770_593_8550          STATE FARM PANOLA CLMS                                    ☑006
                                                                                                     ☑005/014

March 21, 2008,

11.     Moreover, the Montgomery Fire Department inspected Plaintiff's home and found no evidence that Plaintiff committed arson or misrepresented anything. Rather the Department's report indicated that the cause of the fire was a candle left unattended.

12.     Plaintiff avers that no law enforcement authority, whether police, fire, or any other type, has charged Plaintiff with committing arson or intentionally setting a fire. Plaintiff avers that, while she cannot recall whether she left a candle unattended, that if she did so, it would have been completely accidental.

13.     Plaintiff insists that Defendant has no good reason to refuse her claim, and that the Defendant is acting in bad faith to now deny her claim.

## CAUSES OF ACTION

### A.     BREACH OF CONTRACT

14.     Plaintiff hereby repeats, realleges, and incorporates by reference paragraphs 1-13 of the Complaint.

15.     Plaintiff avers that the Defendant has breached its contract with her, and that she is entitled to compensatory damages for her losses due to fire damage. Despite the fact that Plaintiff has made a demand upon the Defendant to pay such a claim, the Defendant has refused to pay the same.

16.     Plaintiff has been damaged and injured by Defendant's wrongful denial of her fire damage loss, and hereby demands payment from Defendant in the amount of $50,000.00 for her losses.

### B.     BAD FAITH

10/18/2006 16:35 FAX  17704185948        STATEFARMINSURANCE                       ☑007/061

10/18/2006 11:48 FAX 770 593 65.0       STATE FARM PANOLA CLMS                    ☑007
                                         MONTGOMERY FIRE                          ☑008/014

17.    Plaintiff hereby repeats, realleges, and incorporates by reference paragraphs 1-16 of the Complaint.

18.    Plaintiff avers that the Defendant has no arguable reason to deny Plaintiff's claim for fire damage loss.

19.    Plaintiff avers that the Defendant has acted in bad faith in denying Plaintiff's insurance claim for damages to her home, and that such denial has occurred under circumstances under which an award of punitive damages is appropriate.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff prays that this Court will award her $60,000.00 in compensatory damages and $600,000.00 in punitive damages.

Respectfully Submitted,

Sue Brown,
Plaintiff

By: _____
Julian L. McPhillips, Jr.

OF COUNSEL:

McPhillips Shinbaum, LLP
516 South Perry Street
P.O. Box 64
Montgomery, AL 36104
Phone No.:(334)-262-1911
Fax No.:(334)-263-2321

10/18/2006 16:35 FAX   1770418594~9          STATEFARMINSURANCE                          ☑008/061

10/18/2006 11:48 FAX 770 593 8550          STATE FARM PANOLA CLMS                      ☑008
                                           MONTGOMERY FIRE                             ☑007/014

Notice of Service of Process:  Plaintiff will serve the Defendant by personal

service, hand-delivery upon its agent, Patrick Craig, at State Farm Insurance Company,

1100 Emory Folmar Blvd., Montgomery, Alabama.

10/18/2006 16:35 FAX 17704185940        STATEFARMINSURANCE                    @009/061

10/18/2006 11:46 FAX 770 593 8550       STATE FARM PANOLA CLMS                @009....
10/18/2006 08:29 FAX 13342130078        MONTGOMERY FIRE

State Farm Fire and Casualty Company
A Stock Company With Home Offices In Bloomington, Illinois

100 State Farm Parkway
Birmingham, AL 35297-0001

Named Insured

                                    3-2084-F285  F H

BROWN, SUE
209 NEWCASTLE LN
MONTGOMERY AL   36117-5140


IlılıllıanlılnıllIndnllIındblnlllnıllnnbdnıhllı

## DECLARATIONS PAGE

**Policy Number**    01-GP-1851-4

| Policy Period | Effective Date | Expiration Da |
|---|---|---|
| 12 Months | MAR 22 2005 | MAR 22 2006 |

The policy period begins and ends at 12:01 am
standard time at the residence premises.

Loan # 003D182536
Mortgagee
CENTURY 21 MORTGAGE
ISAOA ATIMA
ATTN:  INSURANCE DEPARTMENT
PO BOX 5954
SPRINGFIELD OH  45501-5954

## HOMEOWNERS POLICY

Automatic Renewal - If the policy period is shown as 12 months, this policy will be renewed automatically subject to the premiums, rules and forms in effect for each succeeding policy period. If this policy is terminated, we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

Location of Residence Premises
Same as Insured's Address

| Coverages & Property | | Limits of Liability |
|---|---|---|
| **SECTION I** | | |
| A  Dwelling | $ | 106,000 |
| Dwelling Extension.  up to | | 10,600 |
| B  Personal Property | | 79,500 |
| C  Loss of Use | | Actual Loss Sustained |
| **SECTION II** | | |
| L  Personal Liability (Each Occurrence) | $ | 100,000 |
| Damage to Property of Others | $ | 500 |
| M  Medical Payments to Others (Each Person) | $ | 1,000 |

Inflation Coverage Index: 191.7
Deductibles - Section I
  All Losses    1%                          $    1,060

In case of loss under this policy, the deductibles will be applied per occurrence and will be deducted from the amount of the loss. Other deductibles may apply - refer to policy.

**Loss Settlement Provision (See Policy)**
A1 Replacement Cost - Similar Construction
B1 Limited Replacement Cost - Coverage B

Policy Premium                                 $      803.00

Forms, Options, & Endorsements
Homeowners Policy              FP-7955
Fungus (Including Mold) Excl   FE-5398
Policy Endorsement             FE-5320
Motor Vehicle Endorsement      FE-5452
Amendatory Endorsement         FE-7201.2
Amend Subrogation Condition    FE-5843
Jewelry and Furs $1,500 Each   Option JF
   Article/$2,500 Aggregate
Increase Dwlg Up to $ 21,200   Option ID

PLAINTIFF'S
EXHIBIT

A

Other limits and exclusions may apply - refer to your policy

Your policy consists of this page, any endorsements
and the policy form. Please keep these together.

FP-7019Q                    Continued on Reverse    JAN CARPENTER CPCU, CHFC
1756   251                                          334-271-0576
N 10.           Prepared  APR 5R Pnnt

10/18/2006 16:36 FAX  17704185948          STATEFARMINSURANCE                    ☒010/061

10/18/2006 11:47 FAX 770 593 ...30         STATE FARM PANOLA CLMS                ☒010

 State Farm Fire and Casualty Company
100 State Farm Parkway
Birmingham, AL 35297-0001

B-09- 2084-F225 F  H

BROWN, SUE
209 NEWCASTLE LN
MONTGOMERY AL  36117-3140

Location:  Same as Mailing Address

Loss Settlement Provisions (See Policy)
A1  Replacement Cost - Similar Construction
B1  Limited Replacement Cost - Coverage B

Forms, Options, and Endorsements
Homeowners Policy                          FP-7955
Increase Dwlg Up to $22,320               OPT  ID
Ordinance/Law  10%/ $11,160               OPT  OL
Jewelry and Furs $1,500/$2,500            OPT  JF
Amendatory Endorsement                    FE-7201.2
Policy Endorsement                        FE-5320
Fungus (Including Mold) Excl              FE-5398
Motor Vehicle Endorsement                 FE-5452
Amend Subrogation Condition               FE-5843

## RENEWAL CERTIFICATE

Homeowners Policy
MAR 22 2006  to  MAR 22 2007

### TO BE PAID BY MORTGAGEE

Coverages and Limits
Section I
A  Dwelling                                  $111,60
   Dwelling Extension      Up To             11,16
B  Personal Property                         83,70
C  Loss of Use                               Actual Loss
                                             Sustained

Deductibles - Section I
   All Losses 1.00%                          1,11

Section II
L  Personal Liability                        $100,00
   Damage to Property of Others              50
M  Medical Payments to Others                1,00
   (Each Person)

Annual Premium                               $937.

Premium Reductions
   Claim Free Discount                       44.

Inflation Coverage Index:  201.8

PLAINTIFF'S
EXHIBIT
B

33 3350 8544
See reverse side for important information.

Thanks for letting us serve you...

10/18/2006 16:36 FAX  17704185948          STATEFARMINSURANCE                    @011/061

10/18/2008 11:47 FAX 770 593 6000          STATE FARM PANOLA CLMS                @011
10/18/2006 08:29 FAX  19342130078          MONTGOMERY FIRE

05/10/2006  14:88     3945692885           ALABEST CONSTRUCTION                   PAGE  02

05/10/2006

| | | |
|---|---|---|
| Estimate: | 01-Q195-316 | |
| Insured: | SUE BROWN | |
| Property: | NEW CASTLE RD. | |
| | MONTGOMERY, AL 36117 | |
| Home: | (994) 838-5055 | |

Claim Number: 01-Q195-316
Policy Number: 779972777
Type of Loss: Fire
Deductible:
Price List: ALMOSFGAI - 1
Restoration/Service/Remodel
F = Factored In, D = Do Not Apply

Date of Loss:
Date Inspected:

Summary for Fire

| | | | | |
|---|---|---|---|---|
| Line Item Total | | | | 27,747.54 |
| Material Sales Tax | @ 10.000% = | 10,542.85 | | 1,094.29 |
| Replacement Cost Value | | | | 28,841.83 |
| Less Depreciation | | | | (0.00) |
| Actual Cash Value (ACV) | | | | 28,841.83 |
| Overhead | @ 10.0% = | 28,841.83 | | 2,884.18 |
| Profit | @ 10.0% = | 28,841.83 | | 2,884.18 |
| Actual Cash Value (Including Overhead and Profit) | | | | 34,610.19 |
| Less Deductible | | | | |
| Less agreed value of salvage retained by the insured | | | | (0.00) |
| Net Actual Cash Value Payment | | | | $34,610.19 |

Ray Wickman
(334) 569-2855

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

PLAINTIFF'S
EXHIBIT
C

10/18/2006 16:36 FAX  17704185948        STATE FARM INSURANCE                    ☑012/061

10/18/2006 11:47 FAX  770 593 6660       STATE FARM PANOLA CLMS                   ☑012...
10/18/2006 06:29 FAX  13362130075        MONTGOMERY FIRE

PLAINTIFF'S
EXHIBIT
D

State Farm Fire and Casualty Company

Home Office, Bloomington, Illinois 61710



October 9, 2006

CERTIFIED MAIL – RETURN RECEIPT REQUESTED
7005 1820 0003 2221 3821

Sue Brown
209 Newcastle Lane
Montgomery, AL 36117

State Farm Insurance Companies
11350 Johns Creek Parkway
PO Box 10003
Duluth, Ga 30096-9403

RE:  Claim Number: 01-Q193-816
     Insured: Sue Brown
     Policy Number: 01-GP-1661-4
     Date of Loss: 3-21-2005

Dear Ms. Brown:

This letter is to advise you that State Farm Fire and Casualty Company has made a comprehensive investigation into the alleged theft loss that occurred at your residence located at 209 Newcastle Lane, Montgomery, Alabama.

This letter will serve as formal notice that your claim is denied based on the grounds that you intentionally misrepresented and concealed material facts and circumstances relating to this loss and your claim for insurance proceeds.

Because of these findings, your policy is considered void as of March 21, 2005. Any unearned premium collected on policy 01-GP-1661-4 will be refunded to you in separate correspondence.

By specifying these reasons for denial, State Farm Fire and Casualty Company does not intend to waive, but rather, specifically reserves all of its rights, including other defenses which may be applicable to this claim.

Sincerely,

Tony D. Nix

Tony D. Nix, CPCU, CIFI
Team Manager
State Farm Insurance Companies

cc: Team Manager Bill Lovell

10/18/2006 16:36 FAX  17704185          STATEFARMINSURANCE                    013/061
10/18/2006 11:47 FAX 770 593 6550        STATE FARM PANOLA CLMS                013
10/18/2006 08:28 FAX 133421300/8         MONTGOMERY FIRE                       012/014

PLAINTIFF'S
EXHIBIT
E

State Farm Fire and Casualty Company

Home Office, Bloomington, Illinois 61710

October 12, 2006

Attorney Julian McPhillips
516 South Perry Street
Montgomery, AL 36104

State Farm Insurance Companies
11350 Johns Creek Parkway
PO Box 10003
Duluth, Ga 30096-9403

RE: Claim Number: 01-Q195-316
    Insured: Sue Brown
    Policy Number: 01-GP-1661-4
    Date of Loss: 3-21-2006

Dear Mr. McPhillips:

This letter is being sent to you as legal representative of our insured Sue Brown.

This letter is to advise you that State Farm Fire and Casualty Company has made a comprehensive investigation into the loss that occurred at your client's residence located at 209 Newcastle Lane, Montgomery, Alabama.

This will advise you that we are denying payment of your client's claim noted above, for the following reasons:

   Our investigation indicates that the fire loss was incendiary in origin and your client was responsible for the fire being intentionally set.

   Our investigation indicates that your client intentionally concealed or misrepresented material facts or circumstances relating to the fire that occurred on March 21, 2006.

Your client's policy states, in part, under SECTION I - CONDITIONS....

   14. Intentional Acts. If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss.

Your client's policy further states, in part, under SECTION I AND SECTION II – CONDITION....

   2. Concealment or Fraud. This policy is void as to you and other insured, if you or any insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

Because of these findings, your client's policy is considered void as of March 21, 2006. Any unearned premium collected on policy 01-GP-1661-4 will be refunded to Ms. Brown in separate correspondence.

By specifying these reasons for denial, State Farm Fire and Casualty Company, does not intend to waive, but rather, specifically reserves all of its rights, including other defenses which may be applicable to this claim.

Sincerely,

Tony D. Nix, CPCU, CIFI
Team Manager
State Farm Fire & Casualty Company

10/18/2006 16:37 FAX  177041859    STATEFARMINSURANCE    ☑014/061

10/18/2006 11:47 FAX 770 593 8550    STATE FARM PANOLA CLMS    ☒014...
10/18/2006 08:29 FAX  13342180078    MONTGOMERY FIRE

NFPA 902 - F96 ROP    Form 902F

**BASIC INCIDENT REPORT**
Fill in this Report
In Your Own Words    **MONTGOMERY**    Fire Department    ☐ Revised Report

| FDID | Incident No. | Roster No. | Mo. | Day | Yr. | Alarm Time | Time on Scene | Time Last Unit Clear |
|------|-------------|-----------|-----|-----|-----|-----------|---------------|---------------------|
| | 6321 | | 02 | 11 | 06 | 2014 | 2020 | 2806 |

Location Address: 209 New Castle Drive    City/Town: Montgomery    Zip Code: 36109    Property No.

Occupant Name (Last, First, MI): Brown, Sue A    Telephone No.: Undetermined    Room or Apt.

Owner Name (Last, First, MI): Undetermined    Address: Undetermined    Telephone No.: Undetermined

Method of Alarm to Fire Department: 911 Direct to Fire Alarm    Type of Situation Found: Structure Fire

Type of Action Taken: Extinguishment    District: II    Shift: B    No. of Alarms: W/S    Outside Fire Service Assistance: No outside assistance given/received    N

General Property Use: Residential    Specific Property Use: Residential    County

No. in Fire Apparatus: Personnel 12    No. of Emergency Apparatus: 01    Personnel 02    No. of Other Fire Service: Apparatus 03    Personnel 03

No. of Injuries Fire Service: 00    Non-Fire Service: 00    No. of Fatalities Fire Service: 00    Non-Fire Service: 00

Condition of Fire on Arrival of First Unit: Nothing Visible    Area of Fire Origin: Bedroom    21

Equipment Involved in Ignition: No Equipment Involved    Type    Brand Name    Model    Serial No.

Form of Heat Ignition: Candle    66    Item First Ignited: Undetermined    UU    Type Undetermined    UU

Ignition Factor: Undetermined    Method of Extinguishment: Handient    6

Property Loss: Ten Thousand Dollars    15,000    Number of Acres Burned: None    0.0

Type of Construction: Ordinary/Type III    No. of Stories: One    Level of Origin: Grade    A001

Smoke/Fire Status: In use w/ furnishings in place    2    No. of Occupants at Time of Incident: One

Material Contributing to Fire Growth: Form Undetermined    UU    Type Undetermined    UU

Factor Contributing to Flame Travel: Undetermined    UU    Avenue of Smoke Travel: Doorway    7

Detector Type: Undetermined    U    Detector Power Supply: Undetermined    U

Detector Performance: Operated/not a factor    Reason for Detector Failure: No detector failure    N

Type of Automatic Sprinkler System    Coverage of Sprinkler System

Sprinkler System Performance    No. of Sprinkler Heads Operating    Reason for Sprinkler System Failure

Extent of Flame Damage: Room of Origin    Extent of Smoke Damage: Story of Origin    2    Extent of Extinguishing Agent Damage: Room of Origin    2

Mobile Property Type    Year    Make    Model    State/VIN No.    License No.

Member Making Report: L.A. Culbreth, District Fire Chief    Date: 3/21/06    Officer-in-Charge (Rank, Assignment)    MORI GE532    Date: 03-21-06

Remarks: The first suppression unit on the scene was S-5. Captain Strickland threw the front door open to gain entry. Truck 46 conducted a primary search and located the fire using the thermal imaging camera. The fire was located in the master bedroom bathroom. Once the fire was extinguished, the attic was    ☒ Remarks continued on reverse side

* A Form 902O must be completed for each fire annually
This form is for use with NFPA 902, Fire Reporting Field Incident Guide. Users also should refer to NFPA 901, Standard Classifications for Incident Reporting and Fire Protection Data, for information on fire reporting systems and data Classifications to be entered on this form.

PLAINTIFF'S
EXHIBIT
F