IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

SUE BROWN,

      Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
COMPANY, INC.,

      Defendant.

2006 NOV 17 P 4: 11

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO. 2:06cv-1037-MHT

(JURY TRIAL DEMANDED)

## ANSWER

COMES NOW defendant STATE FARM FIRE AND CASUALTY COMPANY ("State Farm" herein), erroneously named in the complaint as "State Farm Fire and Casualty Company, Inc.", and for answer to plaintiff's complaint, states as follows:

1.     Denied.

2.     Admitted.

3.     Denied.

4.     State Farm admits that a fire occurred in plaintiff's home on March 21, 2006. The remainder of this paragraph is denied.

5.     Denied.

6.     Denied.

7.     Denied.

8.     Denied.

9.     Denied.

10.    Denied.

11.    Denied.

12.     Denied.

13.     Denied.

14.     State Farm adopts and incorporates by reference the responses contained in paragraphs 1-13 above as if fully set out herein.

15.     Denied.

16.     Denied.

**COUNT II**

17.     State Farm adopts and incorporates by reference the responses contained in paragraphs 1-16 above as if fully set out herein.

18.     Denied.

19.     Denied.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

State Farm denies each and every allegation not expressly admitted herein.

**SECOND DEFENSE**

State Farm asserts that the contract is void for intentional acts and/or arson.

**THIRD DEFENSE**

State Farm asserts that the contract is void for misrepresentation, concealment and/or fraud.

**FOURTH DEFENSE**

Plaintiff's claims are barred by the equitable doctrines of latches, unclean hands, waiver and estoppel.

**FIFTH DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

2

### SIXTH DEFENSE

State Farm reserves the right to assert any further additional defenses that may be developed during the course of discovery in this matter.

### SEVENTH DEFENSE

State Farm is not guilty of the matters or things charged.

### EIGHT DEFENSE

State Farm denies that it is guilty of wrongful conduct giving rise to the cause of action in favor of plaintiff.

### NINTH DEFENSE

State Farm denies that any causal relationship exists between the alleged wrongful conduct of State Farm and the alleged damages to plaintiff.

### TENTH DEFENSE

State Farm avers that the plaintiff has not been damaged by any of the wrongdoings alleged against it.

### ELEVENTH DEFENSE

State Farm denies that plaintiff was damaged to the extent claimed and contests damages.

### TWELFTH DEFENSE

State Farm denies that it is guilty of any conduct which entitles plaintiff to recover punitive damages.

### THIRTEENTH DEFENSE

State Farm avers that the complaint fails to state a claim upon which punitive damages may be awarded to the plaintiff.

### FOURTEENTH DEFENSE

State Farm avers that the complaint fails to state a claim for punitive damages under Alabama Code § 6-11-20 to 6-11-30(1975) and is barred.

### FIFTEENTH DEFENSE

State Farm avers that any award of punitive damages to plaintiff in this case would violate the constitutional safeguards provided under the Constitution of the State of Alabama.

### SIXTEENTH DEFENSE

State Farm avers that any award of punitive damages to plaintiff in this case would violate the constitutional safeguards provided under the constitution of the United States of America.

### SEVENTEENTH DEFENSE

State Farm avers that any award of punitive damages to plaintiff in this case would violate the constitutional safeguards provided under the due process clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact, standardless, and is not rationally related to legitimate government interests.

### EIGHTEENTH DEFENSE

State Farm avers that any award of punitive damages to plaintiff in this case violate the procedural safeguards provided under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, defendants are entitled to the same procedural safeguards accorded to criminal defendant.

### NINETEENTH DEFENSE

To impose against State Farm punitive damages, which are penal in nature, and yet compel State Farm to disclose potentially incriminating documents and evidence violates the self

4

incrimination clause of the Fifth Amendment to the Constitution of the United States of America.

## TWENTIETH DEFENSE

Plaintiff's claim of punitive damages violates Article I, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

A.    It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendant upon the plaintiff satisfying a burden of proof which is less than a "beyond a reasonable doubt" burden of proof required in criminal cases;

B.    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

C.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

D.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

E.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution; and

F.    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

G.    The procedures pursuant to which punitive damages are awarded violate the dormant provisions of the commerce clause of the United States Constitution, Article I, Section 8. Non-resident defendant are assessed punitive damages by Alabama courts on a disparate and unequal basis in violation of the commerce clause, and the dormant provisions related thereto, of the United States Constitution.

## TWENTY-FIRST DEFENSE

Plaintiff's claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

A.    It is a violation of the due process clause to impose punitive damages, which are penal in nature upon civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

B.    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

C.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague and not rationally related to legitimate governmental interests;

D.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

E.    The award of the punitive damages in this action constitutes a deprivation of property without due process of law; and

F.    It is a violation of the due process clause to impose punitive damages against the defendant which are penal in nature, and yet compel defendant to disclose potentially incriminating documents and evidence.

## TWENTY-SECOND DEFENSE

The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-THIRD DEFENSE

An award of punitive damages in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article One, Section 22 of the Constitution of Alabama.

### TWENTY-FOURTH DEFENSE

An award of punitive damages in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in BMW v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) and the Alabama Supreme Court in BMW v. Gore, 701 So. 2d 507 (Ala.1997) on the following grounds:

> A.     It is a violation of this defendant's rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;
>
> B.     It is a violation of due process to subject this defendant to punitive damages without providing this defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;
>
> C.     It is a violation of due process to punish this defendant with the intent of changing its lawful conduct in other states; and,
>
> D.     It is a violation of this defendant's rights to due process to impose punitive damages which are grossly excessive.

### TWENTY-FIFTH DEFENSE

State Farm avers that any punitive damage verdict in excess of $250,000 would be barred. See Goodyear Tire and Rubber Co. v. Vinson,749 So.2d 393 (Ala. Apr. 23, 1999)(per curiam)(mem.)(special concurrence of Chief Justice Hooper stating that the Alabama Supreme Court "is willing to reconsider the Henderson ruling that the punitive damage cap of § 6-11-21, Ala. Code (1975), is unconstitutional.").

### TWENTY-SIXTH DEFENSE

A jury award of mental anguish damages in this case would violate due process and equal protection rights guaranteed to defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions

because Alabama jurors are given no rule, standard or guideline upon which to rely in calculating

mental anguish damage awards.

### TWENTY-SEVENTH DEFENSE

Plaintiff cannot recover for mental pain and suffering, emotional distress or similar damages,

if any, in that there is no fixed, objective and/or clear and consistent standard under Alabama law

for ascertaining the amount thereof, such that any award of said damages against State Farm would

violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section

6 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due

process of law.

### TWENTY-EIGHTH DEFENSE

State Farm avers that it had legitimate reasons for the claims decisions at issue herein.

### TWENTY-NINTH DEFENSE

Plaintiff has failed to state a claim for which relief may be granted.

### THIRTIETH DEFENSE

The subject claim was not covered under the clear and unambiguous provisions, conditions

and/or exclusions of the subject State Farm policy, and this action is therefore barred.


### DEFENDANT DEMANDS A TRIAL BY STRUCK JURY

Respectfully submitted,


*Felicia Long*

BERT S. NETTLES (NET-001)
C. DENNIS HUGHES (HUG-034)
KHRISTI DOSS DRIVER (FLO-027)
FELICIA A. LONG (LON-042)

8

**OF COUNSEL:**

HASKELL SLAUGHTER YOUNG & REDIKER, LLC
2001 Park Place North
1400 Park Place Tower
Birmingham, Alabama 35203
205-251-1000 (telephone)
205-324-1133 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following by U.S. Mail , first class postage prepaid and properly addressed as follows, this 17th day of November, 2006.

Julian L. McPhillips, Jr.
McPhillips Shinbaum, LLP
516 South Perry Street
P.O. Box 64
Montgomery, AL 36104
(334)262-1911 (telephone)
(334)263-2321 (facsimile

Of Counsel